## BRETSCH v. PLATE.

(Supreme Court, Appellate Division, Second Department. April 24, 1903.)

1. NEGLIGENCE—TENEMENT HOUSES—LIGHTING HALLWAYS—WINDOWS.

Neither a window opening from a hallway onto an air shaft, nor a skylight at the top of a house over a staircase, is a window opening from the hallway outside of said house, within Laws 1897, p. 474, c. 378, § 1320, requiring the owner of a tenement house in which there is a hallway with no windows so opening therefrom to maintain ·a light, unless the hallway be otherwise sufficiently lighted.

2. SAME—SUFFICIENCY OF EVIDENCE.

Evidence in an action against the owner of a tenement house by one falling in the hallway thereof *held* sufficient to show it was not otherwise sufficiently lighted, so as to relieve the owner from his duty, under Laws 1897, p. 474, c. 378, § 1320, of maintaining a light therein.

3. SAME—EVIDENCE.

Though a picture of a hallway in a tenement house, down the stairs of which plaintiff fell, cannot show whether it was sufficiently lighted, it is admissible, in an action against the owner for the injury, to show the construction and situation of the staircase.

4. SAME.

That on March 18th, at 5 p. m., persons could read fine newspaper print in a hallway, is not competent evidence that it was sufficiently lighted, without artificial light, December 13th, between 4 and 4:30 p. m., when the accident occurred.

5. SAME.

Plaintiff may prove by the records of the United States Weather Bureau the condition of the weather at a certain time—they, under Code Civ. Proc. § 944, being prima facie evidence of the matters stated therein —as tending to show that a hallway. was then insufficiently lighted from a transom and an open room at the head of the stairs.

Appeal from Trial Term, Kings County.

Action by Rudolph Bretsch against Carsten (sued as Charles) Plate. From a judgment on a verdict directed for defendant, and from an order denying a motion for a new trial, plaintiff .appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-WARD, and JENKS, JJ.

Robert Stewart, for appellant.
Alvin C. Case (Carl Schurz Petrasch, on the brief), for respondent.

WILLARD BARTLETT, J. On the afternoon of the 13th day of December, 1900, between 4 and half·past 4 o'clock, the plaintiff fell downstairs in a tenement house in the borough of Brooklyn, belonging to the defendant. His wrist was broken and his body was bruised by the fall, and for these injuries he has sought to hold the owner responsible in the present action. The.negligence charged in the complaint is twofold: First, the failure to protect the stairs with a banister or railing; and, secondly, the omission to light the stairway and the hall into which it opened.

There was no proof whatever that the stairs were not furnished with a proper banister or rail. The only issue litigated was the sufficiency of the light. At the close of the evidence on both sides the court denied the application of plaintiff's counsel to be allowed

to go to the jury on all the facts in the case, and directed the jury to render a verdict in favor of the defendant. I am of opinion that this disposition of the case was erroneous, and that the plaintiff was entitled to have the evidence submitted to the jury.

At the time of the accident the following statutory provision in reference to the lighting of halls in tenement houses in the city of New York was in force:

"The owner or lessee of every tenement or lodging-house in the city of New York shall keep a light burning in the hallway upon each floor of said house from sunset until ten p. m. throughout the year. In every tenement-house in the said city in which there is a hallway or hallways with no windows opening from such hallway outside of said house, a light shall be maintained by said owner or lessee in each such hallway, between the hours of eight a. m. and ten p. m. of each day unless said hallway shall be otherwise sufficiently lighted." Laws 1897, p. 474, c. 378, § 1320.

The evidence tended to show that the defendant had failed to comply with that portion of the provision above quoted which requires a light to be maintained in the hallway during the daytime unless the hallway shall be otherwise sufficiently lighted. By "a light" the statute evidently means an artificial light—such, for example, as is furnished by a lamp, a jet of illuminating gas, or some form of apparatus employed to illuminate buildings by means of electricity. The proof is clear and uncontradicted that there was no such light in the hallway at the time when the plaintiff fell. It is conceded that the building was a tenement house, within the meaning of the statute. The hallway containing the stairs down which the plaintiff tumbled had "no windows opening from such hallway outside of said house." It was provided, however, with two ground-glass windows, which, taken together, were about 15 inches wide and 5 feet high. But these were not on the outside of the house. They opened upon an air shaft, about 4 feet square, which extended from the bottom of the building up to the roof. At the top of the house, over the staircase, there was a skylight, but this can hardly be regarded as a window under any admissible classification. It is evident, therefore, that the hallway was of such a character as to come within the purview of the charter provision, and that the owner was required to maintain a light therein at the time when the plaintiff sustained his injuries, unless the hallway was otherwise sufficiently lighted. The evidence on this last question was conflicting, and the jury should have been allowed to determine the fact. The plaintiff testified that the landing on the first floor was very dark, and his account of the accident, if believed by the jury, would have justified them in finding that his fall was wholly due to the absence of sufficient light. He was corroborated by the witness who picked him up. This witness says that, when he went into the hall where the plaintiff was lying at the foot of the stairs, it was very dark there, and he could not see the plaintiff until the plaintiff spoke to him. In behalf of the defendant, on the other hand, it was shown that there was a transom window over the outer door, and a glass window in the vestibule door, through which some light must have been admitted from without; and there was also proof to the effect that there was a room

at the head of the stairs, the door of which was opened, and that this room was lighted by two windows looking toward the west. These facts are relied upon as showing that the hall was sufficiently lighted without the use of any artificial means of illumination. This review of the case suffices, I think, to show that it presented an issue which should not have been disposed of as a question of law. Some rulings in regard to evidence are criticised by the appellant, and it may be well to pass upon these, as the same questions may arise upon a new trial.

Two photographs of the stairway were put in evidence by the defendant, against the plaintiff's objection and exception. It is argued that they ought not to have been admitted, because they were taken by the use of a flash light, and hence could not aid the jury in determining whether the hallway was sufficiently lighted or not. This is doubtless true, but they were useful and available for another purpose. They showed the construction of the staircase, and its situation in the hallway, and it was proper that the jury should have the aid of the information which they furnished on these points.

Exception was also taken to rulings admitting the evidence of certain witnesses to the effect that they had been able to read fine newspaper print in the hallway at 5 o'clock p. m. on the 18th of March, 1902. This testimony must have been received in support of the contention on the part of the defendant that the hallway was "otherwise sufficiently lighted" on December 13, 1900, between 4 and 4:30 p. m., at the time when the plaintiff fell and was hurt. I do not see how it can be regarded as competent for that purpose. The sun sets much earlier on the 13th of December than it does on the 18th of March, and the evidence, therefore, did not really tend in any way to aid the jury in arriving at a correct conclusion as to the sufficiency of the light at the time of the accident. In the case of Yates v. People, 32 N. Y. 509, it was held that the proof of the condition of a street lamp and its power to diffuse light on the 21st of January was no evidence of its condition and power on the 1st of October preceding. The admission of this evidence here was error, and it was also error, in my opinion, to refuse to allow the plaintiff to prove the condition of the weather on the afternoon of the day when he was injured by introducing the records of the United States Weather Bureau for that date. These records are prima facie evidence of the matters of fact stated therein (Code Civ. Proc. § 944), and proof that a storm prevailed at the time, or that the weather was cloudy, would tend to support the testimony of the plaintiff as to the insufficiency of the light which came through the transom or from the open room at the head of the stairs. The judgment should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.